OCTOBER AND NOVEMBER TERM, 1883, No. 177.   OCTOBER 2, 1882.

# Universal Fire Insurance Co. *v.* Stewart *et al.*

1. A policy of insurance contained the provision that no suit or action should be sustainable unless commenced within six months next after the loss should occur, and further specified that "no agent is empowered to waive any of the conditions of this policy, either before or after loss, without special authority in writing from the company." *Held*, that the president of the company was not such an agent as was contemplated by the policy, and that the waiver of the above condition was within his power as representing the company.

2. When the president of the defendant company, after the loss had occurred, and within six months applied to the assured to put off bringing suit, effected a new insurance upon other property, and agreed with the assured that the premium on the new insurance should be taken out of the loss when paid, it was in effect a settlement with the assured and a promise to pay the money, and was clearly within the power of the president as representing the defendant.

Before SHARSWOOD, C. J. ; MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT, and GREEN, JJ.

Error to the Court of Common Pleas of *Westmoreland County.*

Covenant by W. K. Stewart & Co. against Universal Insurance Company of Philadelphia, upon a policy of fire insurance.

W. K. Stewart & Co. were the occupiers of a certain building situate in Parnassus borough, Westmoreland county, as "a country store, sleeping-room, and dwelling-house." On October 13, 1877, the Universal Fire Insurance Company issued to them a policy of insurance upon the stock in said store for the sum of $1,000, for the term of one year.

By the policy it was specified that "no agent is empowered to waive any of the conditions of this policy,

[Universal Fire Insurance Company *v.* Stewart *et al.*]

either before or after loss, without special authority in writing from the company."

Certain provisions and conditions were attached to it, the eighth being as follows : "It is hereby expressly provided and mutually agreed that no suit or action against this company for the recovery of any claim shall be sustainable in any court of law or chancery unless such suit or action shall be commenced within six months next after the loss shall occur, and should any suit or action be commenced after the expiration of the aforesaid six months, the lapse of time shall be taken and deemed as conclusive evidence against the validity of such claim, any statute of limitation to the contrary notwithstanding."

On 30th March, 1878, a fire occurred by which the stock of goods insured was destroyed.

Suit was brought on the policy on 7th March, 1879. The defendant pleaded the general issue and specially the eighth section of the provisions of the policy.

Upon the trial in the Court below, before BLAIR, J., William K. Stewart, one of the plaintiffs, testified, under objection : "At one time, after the loss, Mr. Cross, the president of the company at that time, came to my house to see me. It was on the 14th of June, 1878, that he came to my place.

When he came into the store—another store that I had set up after the fire—there were two or three persons in the store, two or three customers—he said he was Cross, and wanted to see me about our loss by the fire. He called me to the back part of the store ; he said he didn't want persons to hear our conversation, or something like that. We went back there and he told me he had just stopped off to see us about our loss by fire at Parnassus. He told me he had been up north collecting money, or trying to collect it, but had come very poor speed ; and that he wanted to raise money to pay our loss. He said they were scarce of funds. That is about all he said then. He said he was around insuring, too ; taking risks of insurance ; and asked me if I didn't want to insure again. I told him I believed I would. He said to give him a chance, that he would do as well as any other person. I told him if the company was responsible and in good standing I would just as leave let him take the risk as any person else ; so he took it. Before he left he got out the risk, and told me if we wouldn't bring suit that we would get our money; he told me not to bring suit against the company and he said we would get our money.

[Universal Fire Insurance Company *v.* Stewart *et al.*]

He said they were short of funds. He said he was out up north collecting; up the valley I understood him; up north, is what he said. I took additional insurance at that time. I took $1,000 on the stock and store, and $2,000 on the dwelling. I have the policies in my pocket here. He took my note at that time. The premium came to $44. I said I did not feel like paying this, being as they owed me. He said, "I don't want any money." He said, "We will allow that to stand on your loss."

The Court charged the jury, *inter alia*, as follows:

"There was also another provision in the contract of insurance which required that a suit must be instituted within six months after the time of the loss, otherwise there could be no recovery. That provision in the contract has not been complied with. It was competent for the parties to make a contract of this kind, if they saw fit; and if the plaintiff, without any sufficient excuse therefor, neglected to bring his suit within the time limited by his contract, he could not recover. The question then recurs, whether there is anything in the evidence in the cause that would relieve the plaintiff from these provisions in the contract and enable him to recover.

The provisions to which we have alluded are in favor of the company, and compliance with them might be waived or dispensed with by the company; or [the company might enter into a new contract or make a new promise by which it would be bound.] Here, you will observe, that a notice of loss and a proof of loss were sent within the time, but the proof of loss was deficient.

It is alleged by the plaintiff that the president of the company, some time in June, 1878, came to his place of residence, and, after first inquiring about the loss that had been suffered, stated to him that he wanted to pay it; that he was scarce of funds, and had been out on a collecting tour, but that the loss would be paid. He then asked him to insure again, which W. K. Stewart did, taking two policies, aggregating the sum of $3,000, for which he was to pay a premium of $44. And he says the president of the company agreed to charge him with that $44 on the amount due from the company for the loss that had been sustained. There is also a certain correspondence between the plaintiff and the company, which has been offered in evidence, and is part of the evidence in the cause. We have already said to you that it was competent for the defendant to dispense with compliance with these provisions in the contract, on the part of the plaintiff, or to make a new promise of payment,

which, in view of the obligations previously assumed, would be binding upon the company and would enable the plaintiff to recover. The credibility of the witness is for you. If you are satisfied from the evidence of Mr. Stewart and Mr. Sproul, and from the letters and correspondence that have been offered in evidence, that the company did dispense with compliance with these provisions of the contract, or [made a new promise, through its president, to pay the loss, the plaintiff would be entitled to recover.] If you are not satisfied that there was such a promise or waiver of compliance by the company, then there can be no recovery in this cause. If you should find for the plaintiff, he would be entitled to recover the amount of the policy with interest from the time that it should have been paid. If we recollect the terms of the policy aright, the money was not to be paid until ninety days after the proof of the loss had been furnished, and in one of the letters sent by the president of the company to the plaintiff, he states that he has so many days yet in which to pay him. That is the time then from which the interest upon the sum would begin to run.

Plaintiff's counsel requested the Court to charge the jury : That the conditions in this policy, that suit must be brought within six months from the date of loss, and that formal proofs of loss of a certain kind must be delivered to the company within a special time, &c., are conditions solely for the benefit of the company, and any or all of such conditions may be waived by the company, and whether or not such conditions were waived, is entirely a question of fact for the jury."

And the defendant's counsel requested the Court to charge :

*First.* That the plaintiff cannot recover under the evidence in this case, because the suit was brought more than six months after the loss by fire, contrary to the eighth section of the conditions of the policy.

*Second.* That even if the president of the defendant company did say as testified by W. K. Stewart, it would not be any waiver by the company of the eighth provision of the conditions of the policy ; that the alleged conversation did not sufficiently show that there was any waiver of the eighth condition of the policy.

*Third.* That the plaintiffs under all the evidence are not entitled to recover.

In answer to the above points, the Court said :

" In so far as these points are consistent with the

[Universal Fire Insurance Company *v.* Stewart *et al.*]

instructions we have given in our general charge they are affirmed. In so far as they are inconsistent with these instructions, they are refused or regarded as immaterial. (Counsel for defendant requests specific answers to the points submitted by him, to which the Court replied as follows:)

We would say that in this case there was no argument to the jury, and the Court was called upon, this Saturday evening, to charge you immediately after the closing of the evidence in the case, and there was, therefore, not sufficient time or opportunity to draw up specific answers in writing to the several propositions submitted on the part of the plaintiff and the defendant; otherwise we would have been pleased to answer them in writing. This is the reason why we have given oral instructions in answer to these points instead of putting them in writing."

Defendant's counsel excepted to the charge and the answers to the points.

FEBRUARY 18, 1882. Verdict for plaintiffs $1,091 75, upon which judgment was afterwards entered.

Defendant then took out a writ of error, assigning as errors the answers to the points, the admission of the evidence of W. K. Stewart, relating to his conversation with the president of the company, and to those portions of the charge inclosed between brackets.

*W. H. Klingensmith* for plaintiff in error.

Parties to a contract may stipulate the time within which suit may be brought : Warner *v.* Ins. Co., 37 Leg. Int., 475 ; Ins. Co. *v.* Oil Co., 7 Casey, 448.

Proof of waiver should be full, clear, unequivocal, and positive : Ins. Co. *v.* Mears, 1 Pennypacker, 513 ; Ins. Co. *v.* Conover, 39 Leg. Int., 54 ; Diehl *v.* Ins. Co., 8 P. F. Sm., 443 ; Bigelow on Estoppel, 437, 492.

The officers of a mutual insurance company are special agents, and, therefore, cannot waive any of the conditions of the policy : Brewer *v.* Ins. Co., 14 Gray, 203 ; Ins. Co. *v.* Minnequa Springs Co., 11 W. N. C., 507 ; Ins. Co. *v.* Conover, 39 Leg. Int., 54 ; Mentz *v.* Ins. Co., 29 P. F. Sm., 475 ; Adriance *v.* Roome, 52 Barb., 399.

*Moorehead & Head* for defendants in error.

The president of the company is more than an agent within the meaning of the policy, and his acts constitute a waiver : Ins. Co. *v.* Todd, 2 Nor., 272 ; Ins. Co. *v.* Cochran, 7 *Id.*, 230 ; Ins. Co. *v.* Ensminger, 12 W. N. C., 9.

[*In Re* Road in Peach Bottom Township.]

Waiver is a question of fact for the jury: Ins. Co. *v.* Stauffer, 9 Casey, 397; Ins. Co. *v.* Cochran, 7 Norris, 230.

It is sufficient if points are substantially answered: Monroe *v.* Monroe, 12 Norris, 520; Scheuing *v.* Yard, 7 *Id.*, 286; Patterson *v.* Kountz, 13 P. F. Sm., 246; Smith *v.* Bouvier, 20 P. F. Sm., 325.

OCTOBER 16, 1882.—PER CURIAM: We think no error has been assigned to the rulings of the learned Court below which ought to be sustained. The president of the company was not such an agent as was contemplated by the provision that "no agent is empowered to waive any of the conditions of the policy, either before or after loss, without special authority in writing from the company." He applied to the assured to put off bringing suit, effected a new insurance on other property, and agreed with him that the premium on the new insurance should be paid out of the loss on this policy when paid. This was in effect a settlement with the assured, and a promise to pay the money clearly within the power of the president as representing the company.

Judgment affirmed.